## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAMES F. WRIGHTEN** )  | |
| ) | **C.A. NO.** |
| ) | **3:07-CV-00257 (JBA)** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NEW LONDON POLICE DEPARTMENT** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant, New London Police Department, hereby respectfully submits the following as the proposed jury instruction on plaintiff's retaliation claim.

### BURDEN OF PROOF

**"PROVE" AND "FIND"**

During the remainder of my instructions to you, I will often use the words "prove" and "find." I will use the word "prove" in reference to the plaintiff's burden that he must sustain before you can find in his favor. I will use the word "find" with respect to your obligations with regards to the facts and elements of the claims that Mr. Wrighten has made.

Whenever I say that the plaintiff must "prove" a fact to you, I mean that he has to prove that fact by the appropriate burden of proof: I will explain what the "burden of proof" is to you in due course. Whenever I use the word "prove" in these instructions, I mean, "prove by the appropriate burden of proof, " even if I do not always repeat that entire phrase. Similarly, whenever I say that; you must "find" a fact in order to return a verdict in favor of the plaintiff, you must find that fact to have been proven by the plaintiff by the appropriate burden of proof, even if I simply use the word "find."

**"BURDEN OF PROOF"**

I will now explain the meaning of the phrase "burden of proof."  First, you should

understand that in this case, Mr. Wrighten has the burden of proving his claim that his Fourth

Amendment rights were violated by the police officers on the evening of January 28, 2007 and

that an established policy, custom or practice of the Defendant, the New London Police

Department, caused the violation. The plaintiff must prove each essential element of his claim.

The case before you is a civil action. In most civil actions -including this one- the

plaintiff, who is asserting that the defendant is liable because of certain facts, must prove those

facts by a "preponderance of the evidence" before you can find the defendant liable to the

plaintiff.  The term "preponderance of the evidence" is a legal term, but can be easily understood.

The rule of "preponderance of the evidence" does not require proof of an absolute

certainty.  This burden is significantly less than the well-known "reasonable doubt" rule

necessary in criminal cases.  However, this is not a criminal case, and you are not deciding

criminal guilt or innocence.  Rather, to make a finding by a "preponderance of the evidence," you

must determine whether an asserted fact is more likely to be true than to be false.  In other

words, the better and weightier evidence must establish that, more probably than not, the

assertion is true.  In weighing the evidence, keep in mind that it is the quality and not the

quantity of evidence that is important; one piece of believable evidence may weight so heavily in

your mind as to overcome a multitude of less credible evidence.  The weight to be accorded to

each piece of evidence is for you to decide.

In trying to explain this concept, picture the evidence presented by each party on a scale,

plaintiff's evidence on one side and the defendant's evidence on the other.  If the defendant's

evidence either weighs equally or more than the plaintiff's, the scale remains level or tips

2

towards the defense, and you must find that the plaintiff did not sustain his burden, and, therefore, you must render a verdict in favor of the defendant.  The plaintiff only meets his burden if you find that his evidence weighs more than the defendant's and causes the scale to tip towards his side.  Only in this circumstance -when the weight of the credible evidence tips the scale in the plaintiff's favor- has the plaintiff sustained his burden of proving a fact by a preponderance of the evidence.  Only in this circumstance can you return a verdict in his favor.

In determining whether a party has proven any fact in dispute by a preponderance of the evidence, you should consider all testimony, evidence, and exhibits presented through this trial, regardless of which party introduced them.

## APPLICABLE PRINCIPLES OF LAW

**THE FOURTH AMENDMENT**

The Fourth Amendment to the United States Constitution protects a person against unreasonable searches and seizures. U.S. Const. Amend IV. A seizure occurs where, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870 (1980).

The Fourth Amendment does not prohibit searches and seizures that are reasonable. In addition, the Fourth Amendment does not require that probable cause be established in all cases before police officers are permitted to detain an individual. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 (1968).  Some detentions are termed "investigatory" and subjected to a lesser standard than the probable cause standard. Id. This is a difficult concept for many citizens to grasp and I will now explain how you will apply the reasonableness standard in this case.

Mr. Wrighten claims that he was subjected to an unreasonable, or "unconstitutional", seizure of his person without reasonable suspicion as required by the Fourth Amendment. Mr.

3

Wrighten was not arrested, nor was be subjected to a police search of his vehicle or his person. Because a brief investigatory detention impinges to a lesser extent on a person's Fourth Amendment rights than does an actual arrest or search, the stricter constitutional standard of probable cause does not apply. You are not to apply a probable cause standard in determining any issue involved in this case. I will explain the standard you are to apply in a moment.

Under a case called <u>Terry v. Ohio</u>, the United States Supreme Court held that the Fourth Amendment permits police officers to conduct an investigatory stop or detention of an individual if reasonable suspicion exists to believe the individual may be involved in criminal activity.  The term "reasonable suspicion" means the police are required to have a reasonable belief that a crime is about to be, or has been, committed in order to initiate a stop or detain a citizen. <u>Terry</u>, 392 U.S. at 21. The belief must be supported by objective, articulable facts. <u>Id.</u> Reasonable suspicion is an objective standard, therefore, the subjective intentions or motives of the officers making the stop are irrelevant.

You must disregard any subjective intention or motive you may perceive. As you have heard, the police officers deny that they took any action based upon the plaintiff's race. In determining whether reasonable suspicion existed in this case, justifying the plaintiff's detention, you must consider all the information available to the police officers at the time in light of the circumstances then and there existing. <u>United States v. Arvizu</u>, 534 U.S. 266, 273, 122 S.Ct. 744 (2002). Similarly, the plaintiff's perception or subjective belief regarding the police officers' intent or motives is irrelevant. Again, the reasonable suspicion standard is an objective, not a subjective one.

Although the police officers must have more than a mere hunch in order to detain an individual under this standard, the likelihood of criminal activity need not rise to the level

4

required for probable cause and falls well short of a preponderance of the evidence standard. Terry, 392 U.S. at _____. That is, the officers need <u>not</u> believe it is more likely than not that a crime has been or is about to be committed - the officers need only have a suspicion that a crime has been or is about to be committed that is reasonable under the circumstances as you find they existed at the time of the event.

An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed by the police officers should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time. <u>Florida v. Royer</u>, 460 U.S. 491, 500, 103 S.Ct. 1319 (1983); <u>United States v. Tehrani</u>, 49 F.3d 54, 58, 61 (2d Cir. 1995).

In deciding this case you must evaluate the circumstances through the eyes of a reasonable and cautious police officer on the scene, guided by his or her experience and training. <u>United States v. Bayless</u>, 201 F.3d 116, 133 (2d Cir. 2000). In the case of a suspected drug transaction, your reasonable suspicion inquiry must ask if the conduct would appear suspect to one familiar with the practices of narcotics couriers, albeit the pattern of behavior may be innocuous to the untrained observer. In other words, the "totality of the circumstances" inquiry permits police officers to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person. <u>Arvizu</u>, 534 U.S. at 273.

**42 U.S.C. §1983**

If you find that Mr. Wrighten was subjected to an unreasonable detention, then you will decide whether the municipality, the New London Police Department, is responsible for that violation. Under Section 1983 a plaintiff must demonstrate that he was subjected to the "deprivation of a[ ] right[ ], privilege[ ], or immunit[y] secured by the Constitution and laws" of

the United States. 42 U.S.C. § 1983.  In order to prevail on a claim against a municipality under §1983 based on acts of a public official, the plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy [or custom] of the municipality caused the constitutional injury. Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir.2008) (citing Monell, 436 U.S. at 690-91.)

You may take the first of these elements as established -the New London Police Department agrees that the officers were acting within the scope of their official duties as police officers employed with the NLPD during the encounter with Mr. Wrighten. However, the NLPD denies the remaining elements of this test and disputes that the plaintiff's evidence demonstrates that any constitutional violation occurred and that any policy, custom or practice exists that caused any violation. Further, the defendant denies that the plaintiff has been injured by the events that evening.

### Municipal Policy, Custom or Practice

A municipality may only be held responsible for unconstitutional action or conduct where the action or conduct was undertaken pursuant to affirmative policy or custom of the municipality itself. Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978). The NLPD cannot be held liable under the Fourth Amendment or Section 1983 solely because its officers are found to have violated the Fourth Amendment. Id. at 691.

In this case, for Section 1983 liability to exist, the constitutional violation must be the result of a policy, custom or practice of the NLPD. The plaintiff must prove to you by a preponderance of the evidence that the actions or conduct represents official policy. In other words, the plaintiff is required to prove by a preponderance of the evidence that the NLPD maintained a formal or informal policy or custom of stopping or detaining persons based upon

6

their race or ethnicity and that this policy, custom or practice caused his detention. The plaintiff has alleged that the NLPD's failure to record every investigatory stop or detention reflects an official policy condoning or tolerating unconstitutional conduct by its officers. The plaintiff claims that this policy resulted in the detention that occurred on the evening of January 28, 2007.

### Deliberate Indifference

Alternatively, the plaintiff may demonstrate a policy or custom sufficient to recover under Section 1983 where the constitutional violation was the result of a failure to properly train or supervise municipal employees in deliberate indifference to the rights of its citizens.

However, deliberate indifference is demonstrated only when (1) a municipal policymaker -- here, the chief of police -- was aware of unconstitutional actions or conduct of police officers and consciously chose to ignore those actions, effectively condoning the action; or (2) police violate constitutional rights so often in performance of their duties that the need for further training and supervision should have been plainly obvious to the municipal policymaker -- again, the chief of police. Neighbour v. Covert, 68 F.3d 1508, 1512 (2d Cir.1995), cert. denied, 516 U.S. 1174, 116 S.Ct. 1267 (1996); Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989).

Merely alleging that the NLPD failed to train or supervise its employees properly, without demonstrating specific, other instances of unconstitutional conduct, is insufficient to establish a municipal policy, custom or practice under this alternative test. Id. Further, where a plaintiff alleges liability under Section 1983 based upon the municipality's failure to act, train or supervise municipal employees in the performance of their duties, or based upon its toleration of past unconstitutional behavior, the plaintiff must prove that the failure to act, train or supervise was so severe as to constitute deliberate indifference.

*Causation*

If you find that Mr. Wrighten's constitutional rights were not violated by the police on the evening of January 28, 2007, then you will conclude your deliberations and you will return a verdict for the defendant. If you find that Mr. Wrighten's constitutional rights were violated, then you must consider whether a municipal policy, custom or practice, or alternatively, the municipality's "reckless indifference" to the rights of its citizens actually caused the violation. Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir.2008).

The New London Police Department may only be held liable if an established policy, custom or practice as I have described to you actually existed and caused the violation of the plaintiff's Fourth Amendment rights. If you find that a violation occurred, but was not related to any policy, custom or practice of the NLPD, then you must return a verdict in favor of the defendant. To summarize, you must find both that the officers violated the plaintiff's Fourth Amendment rights and that the violation was caused by an official policy, custom or practice of the NLPD.

## DAMAGES

The fact that I instruct you on damages does not represent any view by me that you should or should not find the defendant liable.  If you find by a preponderance of the evidence that the officers violated the plaintiff's Fourth Amendment right, and that that violation was caused by a municipal policy, custom or practice as I have instructed you, then and only then will you consider whether the plaintiff' is entitled to compensatory damages for any non-economic losses that he may have suffered as a direct result of the violation. However, to do so, you must have found that the wrongful conduct of the defendants was a substantial factor in bringing about the harm.

8

You must fix the amount of money damages which you believe will reasonably and fairly compensate the plaintiff for any harm actually inflicted upon him by the defendant's conduct. Compensatory damages must not be based on mere speculation or sympathy, but must be based on the evidence presented at trial.

A finding that the plaintiff has been deprived of a constitutional right does not automatically entitle him to a substantial award of damages. The central principle of damages in our law, which applies to actions brought under Section 1983, is that of compensation for the injury caused to the plaintiff by defendant's violation. In determining compensatory damages, you should consider the emotional harm to the plaintiff during and after the injury received, including emotional distress, pain, suffering, person indignity, fear, anxiety, or anguish which the plaintiff suffered or will continue to suffer, within reasonable certainty which is the direct result of the defendant's conduct.  Plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing any compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented to you at trial. The damages you award should be proportional to the actual loss sustained by the plaintiff, if you find such loss to have occurred.

In determining the amount of damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork.  On the other hand, the law does not require that the

plaintiff prove the amount of his losses with mathematical precision, but only with as much

definiteness and accuracy as circumstances permit.

Respectfully submitted,

THE DEFENDANT,

By:_____

    Thomas J. Londregan, Esq.
    Fed. Bar No. CT-10650
    Brian K. Estep, Esq.
    Fed. Bar No. CT-07986
    Patrick J. Day, Esq.
    Fed. Bar No. CT-21858
    Conway & Londregan, P.C.
    38 Huntington St., P.O. Box 1351
    New London, CT  06320-1351
    Ph. 860-447-3171
    Fax 860-444-6103

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was emailed and mailed, postage prepaid to all counsel and *pro se* parties of record this 30th day of March, 2009 as follows:


Donald L. Williams, Esq.
Williams Law Office
255 Rte. 12, #23
Groton, CT  06340

James F. Wrighten, *Pro Se*
104 Ocean Avenue
New London, CT  06320



_____
Patrick J. Day (CT-21858)