UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL MASSEY WRIGHTEN, ADMINISTRATRIX OF THE ESTATE OF JAMES F. WRIGHTEN : <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER LESLIE SMITH, OFFICER ROBERT KAINITIS, CHIEF BRUCE F. RINEHART NEW LONDON POLICE DEPT. <br><br> Defendants. | Civil Action No.: 07cv00257 (JBA) <br><br> JUNE 3, 2009 |

## THIRD AMENDED COMPLAINT

### Introduction

1.  On January 28, 2007, New London Police Officers Leslie Smith and Robert Kainitis pulled their police cruiser behind the parked car of James Wrighten while Mr. Wrighten was sitting inside. The officers took Mr. Wrighten's driver's license, ran it through their database, and interrogated him, while preventing any movement by his vehicle. The officers conducted this search and seizure without any reasonable suspicion that Mr. Wrighten had engaged in, or was about to engage in, any criminal activity. These actions were in accordance with the customs and policies of the City of New London ("the City") and its police department which condone and encourage violations of constitutional rights.

**Jurisdiction**

2. This case is brought pursuant to 42 U.S.C. § 1983, and the laws of the State of Connecticut. Jurisdiction is conferred on this court by 28 U.S.C. §§ 1331 and 1343; supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

**Parties**

3. Plaintiff Carol Massey Wrighten is the widow of James F. Wrighten and the administratix of his estate. Mr. Wrighten died on April 4, 2009. Mrs. Wrighten filed a motion for substitution as the decedent's successor to continue his claim pursuant to Federal Rule of Civil Procedure 25(a)(1) on May 27, 2009.

4. Defendants Smith and Kainitis were at all relevant times police officers with the Police Department of the City of New London, Connecticut.

5. Chief Bruce F. Rinehart is, and was at all relevant times, Chief of the Police Department of the Town of East Hartford. Chief Rinehart was specifically responsible, either directly or in a supervisory capacity, for: (a) the supervision, training, discipline and control of officers working for the department; (b) the establishment and enforcement of policies and practices concerning searches, seizures and investigative stops; and (c) ensuring that searches, seizures and investigative stops undertaken by New London police officers were lawful under federal and state law.

6. All the individual defendants are sued in their individual and official capacities.

7. At all relevant times, the defendants were acting in the course and scope of their employment and under color of the constitution, statutes, laws, regulations, custom and usages of the State of Connecticut.

8. The City of New London is a Connecticut municipality. At all relevant times, it employed, supervised, and directed the conduct of the individual defendants.

## Facts

9. On January 28, 2007, Mr. Wrighten was sitting in his parked car in a parking lot in New London, with the lights and engine off, waiting for his wife to come out of a store.

10. Several New London police cruisers entered the parking lot. A cruiser with defendants Smith and Kainitis inside pulled in behind Mr. Wrighten's car, making it impossible for him to leave.

11. Either defendant Smith or defendant Kainitis approached Mr. Wrighten's car and demanded his driver's license. One of them took Mr. Wrighten's license to a cluster of other police cruisers across the parking lot.

12. Either defendant Smith or defendant Kainitis interrogated Mr. Wrighten as to why he was in the parking lot.

13. Eventually, Mr. Wrighten's driver's license was returned to him and the cruiser parked behind his car was moved. Mr. Wrighten was told that he was free to go.

14. Following this stop, Mr. Wrighten went to the New London police station on three separate occasions to request a police report regarding the unlawful stop. On the third occasion, Mr. Wrighten was told that the department had not generated or maintained any record of his stop.

15. Mr. Wrighten feared for the safety of himself and his wife as a result of this unlawful stop. He suffered emotional distress and humiliation stemming from the police officers' behavior, for which he sought professional counseling.

**First Claim: Unconstitutional Search and Seizure by Defendants Smith and Kainitis pursuant to 42 U.S.C. § 1983**

16.  Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 16.

17.  The conduct of defendants Smith and Kainitis described above violated Mr. Wrighten's right to be free from unreasonable searches and seizures protected by the Fourth and Fourteenth Amendments to the United States Constitution.

18.  Defendants Smith and Kainitis intentionally or recklessly disregarded well known and clearly established law in violating Mr. Wrighten's right to be free from unreasonable searches and seizures.

**Second Claim: Failure to Intervene Against Defendants Smith and Kainitis, pursuant to 42 U.S.C. § 1983**

19.  Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 19.

20.  Defendants Smith and Kainitis had the opportunity to intervene to stop the illegal search and seizure of Mr. Wrighten, but failed to do so.

21.  Defendants Smith and Kainitis intentionally or recklessly permitted his fellow officer to illegal seize and search Mr. Wrighten.

22.  The conduct of defendants Smith and Kainitis described above violated plaintiff's right to be free from unreasonable search and seizure as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

### Third Claim: Failure to Train and Supervise Officers, by Chief Rinehart and the City of New London, pursuant to 42 U.S.C. §1983

23.  Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 22.

24.  Before January 28, 2007, the City of New London developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New London, which caused the violation of Mr. Wrighten's rights.

25.  For example, it was the policy and/or custom of Chief Rinehart and the New London Police Department to make no report of, and maintain no record of, investigatory stops that do not conclude in an arrest or the issuance of a ticket.

26.  It was the policy and/or custom of the City of New London and Chief Rinehart to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Town did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct.

27.  As a result of the policies and/or customs of the New London Police Department, including but not limited to those mentioned above, defendant officers expected that their actions would not be properly monitored by supervisory officers and that misconduct would be tolerated, and this belief was a substantial factor causing their unlawful conduct.

28.  The practices and customs described above demonstrated a deliberate indifference on the part of policy makers, including Chief Rinehart, to the constitutional rights of persons within the Town, and were a cause of the violations of plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a jury trial, pursuant to Fed. R. Civ. P. 38, and requests the following relief:

1. Compensatory damages;

2. Punitive damages;

3. Costs including reasonable attorneys' fees; and

4. Such other and further relief as the Court deems just.

THE PLAINTIFF

By /s/

David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
Email: drosen@davidrosenlaw.com
Her Attorney

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands trial by jury.

THE PLAINTIFF

By _____
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
Email: drosen@davidrosenlaw.com
Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2009, a copy of the foregoing Third Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
David N. Rosen