UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL MASSEY WRIGHTEN, | : | |
| ADMINISTRATRIX OF THE ESTATE | : | |
| OF JAMES F. WRIGHTEN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | Civil Action No.: 07cv00257 (JBA) |
| OFFICER LESLIE SMITH, | : | |
| OFFICER ROBERT KAINITIS, | : | |
| CHIEF BRUCE F. RINEHART | : | |
| NEW LONDON POLICE DEPT. | : | |
| | : | |
| Defendants. | : | JUNE 30, 2009 |

## JOINT FINAL PRETRIAL MEMORANDUM

**I.      TRIAL COUNSEL**

**Plaintiff:**

David N. Rosen
David Rosen and Associates, PC
400 Orange St.
New Haven, CT 06511
Tel.:  (203) 787-3513

Margaret Middleton
David Rosen and Associates, PC
400 Orange St.
New Haven, CT 06511
Tel.:  (203) 787-3513

**Defendants:**

Patrick J. Day, Esq.
Brian K. Estep, Esq.
Thomas J. Londregan, Esq.
38 Huntington Street
P.O. Box 1351
New London, CT  06320

Ph.  860-447-3171
Fax  860-444-6103

**II.**   **JURISDICTION**

The Court has federal question jurisdiction.

**III.**   **JURY/NONJURY**

Jury trial.

**IV.**   **LENGTH OF TRIAL**

The plaintiff estimates that it will take approximately one day to present her case.  The

defendants estimate that it will take approximately one day to present their case.

**V.**   **FURTHER PROCEEDINGS**

None at this time.

**VI.**   **NATURE OF THE CASE**

Plaintiff contends:  This is a case about the violation of the decedent's constitutional right

to be free from unreasonable searches and seizures, in particular to be free from investigatory

stops by police officers who do not possess reasonable suspicion that the decedent had engaged

or was about to engage in criminal activity.  The defendants include the following: 1) Officer

Smith, who detained the decedent by blocking the movement of his car and demanding that he

stay in his car, and searched him by taking his drivers license and searching his public records,

all without a reasonable suspicion that he was engaged in, or about to engage in any criminal

activity.  2) Officer Kanaitis, who sat by while Officer Smith violated Mr. Wrighten's rights.  3)

Defendant Rinehart, who was the Chief of the New London Police Department at the time of the

2

illegal stop.  Defendant Rinehart was responsible for the training, supervision and discipline of

Officers Smith and Kanaitis, and for making the policies of the Department.

Defendants contend:  The Defendant denies all material allegations of the Plaintiff's

complaint, as amended.

(a)      The claims that will be pursued at trial are: unconstitutional search and seizure,

and failure to intervene claims against Officers Smith and Kanaitis.  Liability for the violation of

Mr. Wrighten's rights in violation of 18 U.S.C. section 1983 for failure to supervise, train and

discipline officers, and creating and maintaining policies or customs that condone and encourage

illegal searches against Chief Rinehart and the New London Police Department.   The plaintiff

seeks compensatory damages against all the defendants for the violation of Mr. Wrighten's

constitutional rights, and for the pain, suffering and humiliation he suffered as a result of that

violation.  The plaintiff seeks punitive damages against Officers Smith and Kainitis for

recklessly and knowingly disregarding Mr. Wrighten's rights while acting under color of law.

The plaintiff seeks punitive damages against Chief Rinehart in his individual capacity for

recklessly causing the violation of Mr. Wrighten's rights.

(c)      The defenses that will be pursued at trial are:

1.      The Defendants' officers detained the Plaintiff because a suspicious person was walking

towards the Plaintiff's vehicle consistent with the modus operandi of individuals offering to buy

or sell illicit street drugs in a known high crime area.

2.      The Defendant, New London Police Department (NLPD) did not and does not

maintain any formal or informal policy, custom or practice of detaining people based upon

impermissible considerations of race or ethnicity.

3

3.    The NLPD's failure to keep and maintain data relating to every stop and/or detention of a person, does not establish a policy, custom or practice under 42 U.S.C. §1983 of detaining people based upon improper considerations of race or ethnicity, as alleged by the Plaintiff.

4.    The NLPD is not and was not deliberately indifferent to reports of systemic violations of constitutional rights in the context of investigatory stops as required to impose liability on the municipality under <u>Monell v. Dept. of Soc. Svcs. Of City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978) and <u>Canton v. Harris</u>, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989). Indeed, there are no reports of any such systemic violations.

5.    The Defendant's officers possessed the requisite reasonable suspicion to temporarily detain the Plaintiff under the circumstances. An investigative detention requires only reasonable suspicion as set forth in <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

6.    The Defendant's officers did not violate any of the Plaintiff's constitutional rights.

7.    The Plaintiff has not been harmed in any way by the brief investigatory detention of his person.

8.    The Defendant's officers did not violate the Equal Protection Clause because the Plaintiff was not selectively or differently treated based upon his race.

9.    The Defendant denies all liability in this matter and specifically disputes the legal claims made by the Plaintiff. The Defendant demands strict proof at the time of trial.


## VII.    TRIAL BY MAGISTRATE JUDGE

N/A.

## VIII.  LIST OF WITNESSES

### A.  WITNESSES FOR THE PLAINTIFF

The plaintiff reserves the right to call any and all of the witnesses designated herein by the defendants.

The Plaintiff may call:

1.      The plaintiff, who will testify about the events on the night in question and the pain, suffering and humiliation Mr. Wrighten suffered as a result of this incident;

2.      Defendants Smith and Kinaitis, who will testify about the events on the night in question, the training they have received in their course of their employment regarding lawful searches and seizures, the policies, practices and customs of the police department, the metrics used by the department to reward officer performance, other complaints of unlawful stops that have been made against them in the past, and any discipline they have received during the course of their employment for conducting illegal searches.

3.      Chief Rinehart, who will testify to the polices, procedures and customs of the department, the metrics used to reward officer performance, the training officers receive in making lawful stops, the investigation and documentation of civilian complaints, the department's racial profiling policy, the use of traffic stop complaint forms, the department's review of racial profiling statistics, the departments record keeping policy regarding civilian interactions with the New London Police Department, and prior complaints against the department for unlawful stops.

4.      Robert Wade, LCSW, who will testify about the emotional distress, anxiety, sleeplessness and agitation Mr. Wrighten suffered as a result of this incident.

5.    Ronald Dunham, who will testify about his experiences being unlawfully stopped or otherwise harassed by the New London police approximately ten times in the period of approximately one year, and his experience with the department after asserting his claims.

6.    Mr. Wrighten, by deposition, who will testify as to the events on the night in question, and the emotional distress he suffered as a result of the incident.

7.    Atuan Harris – his experience being unlawfully stopped by the New London Police

8.    Michael Fine - his experience being unlawfully stopped by the New London Police

9.    Bruce Stephens - his experience being unlawfully stopped by the New London Police

**B.**    **WITNESSES FOR DEFENDANTS**

1.    Officer Leslie Smith, a fact witness

2.    Officer Robert Kanaitis, a fact witness

3.    Captain Michael Lacey, a fact witness

4.    Chief of Police Bruce Rinehart, a fact witness

5.    Kenneth Edwards, a fact witness

The Defendant reserves the right to call any or all witnesses identified by the Plaintiff.

**C.**    **EXHIBITS FOR PLAINTIFF**

1.    Personnel File for Raheem Carter- evaluations, hiring papers, certifications, civilian and

internal complaints, disciplinary record.

2.      Personnel File for Robert Kanaitis- evaluations, hiring papers, certifications, civilian and

internal complaints, disciplinary record.

3.      Personnel File for Leslie Smith- evaluations, hiring papers, certifications, civilian and

        internal complaints, disciplinary record. ;

4.      Training File for Leslie Smith;

5.      Training File for Robert Kanaitis;

6.      Training File for Raheem Carter ;

7.      Plaintiff's Response to Defendant's Interogetorries, dated August 23, 2007;

8.      Traffic Stop Complaint Form- form created by New London Police in compliance with

Public Act 99-198 on Racial Profiling.

9.      Traffic Stop Data Form; form to be completed by New London Police officers when they

make a traffic stop.

10.     City of New London Police Department Policy on Racial Profiling;

11.     Computer Aided Dispatch Reports for Officers Smith, Kanaitis and Carter for one year

preceding the incident;

12.     November 1957 newspaper article describing the cross burning in front of the Wrighten

home;

13.     Medical Records from Robert Wade, LCSW from Lawrence and Memorial Hospital –

includes cover letter and two pages of notes.

14.     Transcript of Radio Calls made by officers involved in detaining Mr. Wrighten;

15.     New London Police Department Policy and Procedure Manual;

7

16.     New London Police Department Duty Manual;

17.     New London Police Department Daily Sign in Log for January 28, 2007 (7 pages);

18.     Supervisor's Complaint 95-17 against Officer Smith;

19.     Supervisor's Complaint 93-29 against Officer Smith;

20.      Supervisor's Complaint 98-08 against Officer Smith;

21.     Civilian Complaint 2008-10 made by Aaron Phillips;

22.     Civilian Complaint 89-01 made by Karen Flanders;

23.     Civilian Complaint 94-15 made by Kasimu Fletcher;

24.     Civilian Complaint 95-01-01 made by Timothy Whittfield;

25.     Civilian Complaint 2007-02 made by Larry Olshan;

26.     Civilian Complaint 2008-14 made by Larry Meyers;

27.     Civilian Complaint 2000-20 made by Lenee Sadosky;

28.     Civilian Complaint 2001-13 made by Thomas Johnson;

29.     Deposition Transcript of James F. Wrighten taken November 30, 2007

30.     Arrest Report for Leslie Smith for year proceeding January 28, 2007

31.     Arrest Report for Robert Kanaitis for year proceeding January 28, 2007

32.     Arrest Report for Raheem Carter for the year proceeding January 28, 2007

33.     Deposition Transcript of Deposition of Roland Dunham taken by the City of New

London in conjunction with *Dunham v. Kistner*, 1993 Conn. Super. LEXIS 172 (Conn. Superior.

1993).

34.     Reported decision in the case of *Dunham v. Kistner*, 1993 Conn. Super. LEXIS 172

(Conn. Superior. 1993).

8

35.    Defendants 56(a)(2) Statement of Facts filed in support of their Motion for Summary

Judgment;

36.    Audio Files of the Radio transmissions between New London Police Officers on the night

of January 28, 2007

37.    Affidavits by Robert Kanaitis and Leslie Smith in support of the City of New London's

Motion for Summary Judgment

38.    Maps of the intersection where Mr. Wrighten was stopped that were marked by

defendants Kanaitis and Smith during their depositions;

39.    Deposition notices of Smith, Kanaitis and Rinehart

**D.**    **EXHIBITS FOR DEFENDANTS**

500.    CAD Report for Call Number 070280129

501.    Audio recording for CAD Report for Call Number 070280129

502.    New London Police Department Policy regarding Citizen Complaints

503.    NLPD form for Citizen Complaints

504.    New London Police Department Racial Profiling Policy, with blank
Traffic Stop Data Form

505.    Deposition Transcript, James A. Wrighten (ID only)

Defendant reserves the right to use, refer to and/or introduce into evidence any exhibit

used by Plaintiff at the time of trial.


**E.**    **PLAINTIFF'S MOTIONS IN LIMINE**

In the event that defendants attempt to introduce any evidence of Mrs. Wrighten's

criminal history, the plaintiffs will move to preclude that evidence as irrelevant and prejudicial.

**F.**     **DEFENDANTS' MOTIONS IN LIMINE**

The Defendant anticipates filing a motion *in limine* seeking to preclude testimony, evidence and/or argument regarding certain events in the Plaintiff's past as a predicate for liability or a finding of damages in the instant case. Specifically, the Defendant believes the Plaintiff will attempt to testify regarding a hate crime directed against his family while Plaintiff was a child living in South Carolina. This event occurred in 1957 when the Plaintiff was 15 years old. The event is in no way related to the incident that forms the basis of the present action, all of which occurred on the evening of January 28, 2007.  Testimony, evidence and/or argument relating to this remote and unrelated occurrence runs afoul of F.R.E. §§ 401, 402 and 403, and would be highly prejudicial to the defense of this case as it would inflame the passion of the jury and result in confusion of the issues.

**IX.**     **STIPULATED AND CONTESTED ISSUES OF FACT**

**A.**     **STIPULATED FACTS**

**B.**     **DISPUTED ISSUES OF FACT**

**C.**     **PROPOSED JURY INSTRUCTIONS**

**D.**     **PROPOSED VERDICT FORM**

THE PLAINTIFF

By _____
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
Email: drosen@davidrosenlaw.com
Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2009, a copy of the foregoing Motion For Extension of Time to File Pretrial Memo and Motion for New Discovery Deadline was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____
David N. Rosen

11