UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL MASSEY WRIGHTEN, : | |
| ADMINISTRATRIX OF THE ESTATE : | |
| OF JAMES F. WRIGHTEN : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | Civil Action No.: 07cv00257 (JBA) |
| OFFICER LESLIE SMITH, : | |
| OFFICER ROBERT KAINITIS, : | |
| CHIEF BRUCE F. RINEHART : | |
| NEW LONDON POLICE DEPT. : | |
| : | |
| Defendants. : | JUNE 30, 2009 |

**JOINT FINAL PRETRIAL MEMORANDUM**

**I.   TRIAL COUNSEL**

**Plaintiff:**

        David N. Rosen
        David Rosen and Associates, PC
        400 Orange St.
        New Haven, CT 06511
        Tel.: (203) 787-3513

        Margaret Middleton
        David Rosen and Associates, PC
        400 Orange St.
        New Haven, CT 06511
        Tel.: (203) 787-3513

**Defendants:**

        Patrick J. Day, Esq.
        Brian K. Estep, Esq.
        Thomas J. Londregan, Esq.
        38 Huntington Street
        P.O. Box 1351
        New London, CT  06320

Ph.  860-447-3171<br>
Fax  860-444-6103

## II. JURISDICTION

The Court has federal question jurisdiction.

## III. JURY/NONJURY

Jury trial.

## IV. LENGTH OF TRIAL

The plaintiff estimates that it will take approximately one day to present her case.  The defendants estimate that it will take approximately one day to present their case.

## V. FURTHER PROCEEDINGS

None at this time.

## VI. NATURE OF THE CASE

Plaintiff contends:  This is a case about the violation of the decedent's constitutional right to be free from unreasonable searches and seizures, in particular to be free from investigatory stops by police officers who do not possess reasonable suspicion that the decedent had engaged or was about to engage in criminal activity.  The defendants include the following: 1) Officer Smith, who detained the decedent by blocking the movement of his car and demanding that he stay in his car, and searched him by taking his drivers license and searching his public records, all without a reasonable suspicion that he was engaged in, or about to engage in any criminal activity.  2) Officer Kanaitis, who sat by while Officer Smith violated Mr. Wrighten's rights.  3) Defendant Rinehart, who was the Chief of the New London Police Department at the time of the

illegal stop.  Defendant Rinehart was responsible for the training, supervision and discipline of Officers Smith and Kanaitis, and for making the policies of the Department.

Defendants contend:  The Defendant denies all material allegations of the Plaintiff's complaint, as amended. The Plaintiff claims that, on the evening of January 28, 2007, officers with the New London Police Department (NLPD) improperly detained him in violation of the Fourth and Fourteenth Amendments of the United States Constitution. The Plaintiff is seeking to impose liability upon the Defendants Leslie Smith and Robert Kanaitis pursuant to the Fourth Amendment, and against Defendants Rinehart and the NLPD pursuant to 42 U.S.C. §1983 and Monell v. Dept. of Soc. Svcs. Of City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978). The Defendants deny all material allegations of the Plaintiff's Third Amended Complaint and have raised several affirmative defenses.

At the time of the incident, the Plaintiff was sitting in his vehicle which was parked in a parking lot of a convenience store located at the corner of Bank Street and Ocean Avenue in New London. It is widely-known throughout the City that this area experiences a substantial amount of illicit drug and/or criminal activity. The officers, Smith, Kanaitis and a trainee/recruit, Raheem Carter, were responding to a report of a suspicious person crossing Bank Street and entering the area where the Plaintiff was parked. In the moments just before the officers arrived on the scene, the suspect was approaching the Plaintiff's vehicle and was approximately 20 to 30 feet away. When the suspect saw police vehicles enter the parking lot he turned and fled from the parking lot. During the brief encounter, the officers asked for the Plaintiff's drivers' license but told him he was not accused of any wrongdoing. The officers did not conduct any search of the Plaintiff's vehicle or his person. The officers did not ask the Plaintiff to step outside the vehicle.

The entire incident lasted approximately six to seven minutes.

(a) The claims that will be pursued at trial are: unconstitutional search and seizure, and failure to intervene claims against Officers Smith and Kanaitis. Liability for the violation of Mr. Wrighten's rights in violation of 18 U.S.C. section 1983 for failure to supervise, train and discipline officers, and creating and maintaining policies or customs that condone and encourage illegal searches against Chief Rinehart and the New London Police Department. The plaintiff seeks compensatory damages against all the defendants for the violation of Mr. Wrighten's constitutional rights, and for the pain, suffering and humiliation he suffered as a result of that violation. The plaintiff seeks punitive damages against Officers Smith and Kainitis for recklessly and knowingly disregarding Mr. Wrighten's rights while acting under color of law. The plaintiff seeks punitive damages against Chief Rinehart in his individual capacity for recklessly causing the violation of Mr. Wrighten's rights.

(c) The defenses that will be pursued at trial are:

1. The Defendants' officers detained the Plaintiff because a suspicious person was walking towards the Plaintiff's vehicle consistent with the modus operandi of individuals offering to buy or sell illicit street drugs in a known high crime area.

2. The Defendant, New London Police Department (NLPD) did not and does not maintain any formal or informal policy, custom or practice of detaining people based upon impermissible considerations of race or ethnicity.

3. The NLPD's failure to keep and maintain data relating to every stop and/or detention of a person, does not establish a policy, custom or practice under 42 U.S.C. §1983 of

detaining people based upon improper considerations of race or ethnicity, as alleged by the Plaintiff.

4.  The NLPD is not and was not deliberately indifferent to reports of systemic violations of constitutional rights in the context of investigatory stops as required to impose liability on the municipality under <u>Monell v. Dept. of Soc. Svcs. Of City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978) and <u>Canton v. Harris</u>, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989). Indeed, there are no reports of any such systemic violations.

5.  The Defendant's officers possessed the requisite reasonable suspicion to temporarily detain the Plaintiff under the circumstances. An investigative detention requires only reasonable suspicion as set forth in <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

6.  The Defendant's officers did not violate any of the Plaintiff's constitutional rights.

7.  The Plaintiff has not been harmed in any way by the brief investigatory detention of his person.

8.  The Defendant's officers did not violate the Equal Protection Clause because the Plaintiff was not selectively or differently treated based upon his race.

9.  The Defendant denies all liability in this matter and specifically disputes the legal claims made by the Plaintiff. The Defendant demands strict proof at the time of trial.

**VII.**  **TRIAL BY MAGISTRATE JUDGE**

N/A.

**VIII.**  **LIST OF WITNESSES**

**A.**  **WITNESSES FOR THE PLAINTIFF**

The plaintiff reserves the right to call any and all of the witnesses designated herein by the defendants.

The Plaintiff may call:

1. The plaintiff, who will testify about the events on the night in question and the pain, suffering and humiliation Mr. Wrighten suffered as a result of this incident;

2. Defendants Smith and Kanaitis, who will testify about the events on the night in question, the training they have received in their course of their employment regarding lawful searches and seizures, the policies, practices and customs of the police department, the metrics used by the department to reward officer performance, other complaints of unlawful stops that have been made against them in the past, and any discipline they have received during the course of their employment for conducting illegal searches.

3. Chief Rinehart, who will testify to the polices, procedures and customs of the department, the metrics used to reward officer performance, the training officers receive in making lawful stops, the investigation and documentation of civilian complaints, the department's racial profiling policy, the use of traffic stop complaint forms, the department's review of racial profiling statistics, the departments record keeping policy regarding civilian interactions with the New London Police Department, and prior complaints against the department for unlawful stops.

4. Robert Wade, LCSW, who will testify about the emotional distress, anxiety, sleeplessness and agitation Mr. Wrighten suffered as a result of this incident.

5. Ronald Dunham, who will testify about his experiences being unlawfully stopped or otherwise harassed by the New London police approximately ten times in the period of

approximately one year, and his experience with the department after asserting his claims.

      6.      Mr. Wrighten, by deposition, who will testify as to the events on the night in question, and the emotional distress he suffered as a result of the incident.

      7.      Atuan Harris – his experience being unlawfully stopped by the New London Police

      8.      Michael Fine - his experience being unlawfully stopped by the New London Police

      9.      Bruce Stephens - his experience being unlawfully stopped by the New London Police

**B.**    **WITNESSES FOR DEFENDANTS**

1. James Wrighten, deceased (by excerpts of deposition transcript)- Testimony concerning the incident, claimed injuries and preexisting medical conditions.

2. Carol Massey Wrighten, the plaintiff - Defendants anticipate that Mrs. Wrighten will testify regarding the events and circumstances surrounding the incident and Mr. Wrighten's claimed injuries, health history and preexisting medical conditions.

3. Officer Leslie Smith, a party - Defendants anticipate that Officer Smith will testify regarding the incident, as well as his training, education and experience with the police force, both as a patrolman and as a member of the "Anti-Violence Team" (AVT).

4. Officer Robert Kanaitis, a party - Defendants anticipate that Officer Kanaitis will testify regarding the incident, as well as his training, education and experience with the NLPD and Hartford police force, both as a patrolman and as a member of the Statewide Drug Task Force and cooperating officer with the Federal Bureau of Investigations drug

trafficking and narcotics task force.

5. Captain Michael Lacey, a fact witness - Defendants anticipate that Captain Lacey will testify regarding training and education received by each officer in the NLPD, both at the state police academy and within the department including, <u>inter alia</u>, core training, recurrent 3-year mandatory retraining and/or recertification, policies and procedures, special orders. He will also testify concerning the command structure, supervisor's responsibilities and the enforcement of the NLPD policies and procedures.

6. Chief of Police Bruce Rinehart, a party - Defendants anticipate that Chief Rinehart will testify regarding training and education received by each officer in the NLPD, both at the state police academy and within the department including, <u>inter alia</u>, core training, recurrent 3-year mandatory retraining and/or recertification, policies and procedures, special orders. He will also testify concerning the command structure, supervisor's responsibilities and the enforcement of the NLPD policies and procedures.

7. Kenneth Edwards, a fact witness - Defendants anticipate that Captain Edwards will testify regarding a conversation he had with Mr. Wrighten following the day of the incident in which Mr. Wrighten admitted that the police officers were both polite and professional during the encounter. Mr. Wrighten declined to file a citizens' complaint and Captain Edwards heard nothing more from Mr. Wrighten until served with the complaint and summons in this civil action.

The Defendant reserves the right to call any or all witnesses identified by the Plaintiff.

**C.     EXHIBITS FOR PLAINTIFF**

1.     Personnel File for Raheem Carter- evaluations, hiring papers, certifications, civilian and internal complaints, disciplinary record.

2.     Personnel File for Robert Kanaitis- evaluations, hiring papers, certifications, civilian and internal complaints, disciplinary record.

3.     Personnel File for Leslie Smith- evaluations, hiring papers, certifications, civilian and internal complaints, disciplinary record. ;

4.     Training File for Leslie Smith;

5.     Training File for Robert Kanaitis;

6.     Training File for Raheem Carter;

7.     Plaintiff's Response to Defendant's Interrogatories, dated August 23, 2007;

8.     Traffic Stop Complaint Form- form created by New London Police in compliance with Public Act 99-198 on Racial Profiling.

9.     Traffic Stop Data Form; form to be completed by New London Police officers when they make a traffic stop.

10.    City of New London Police Department Policy on Racial Profiling;

11.    Computer Aided Dispatch Reports for Officers Smith, Kanaitis and Carter for one year preceding the incident;

12.    November 1957 newspaper article describing the cross burning in front of the Wrighten home; [OBJECTION]

13.    Medical Records from Robert Wade, LCSW from Lawrence and Memorial Hospital – includes cover letter and two pages of notes.

14. Transcript of Radio Calls made by officers involved in detaining Mr. Wrighten;

15. New London Police Department Policy and Procedure Manual;

16. New London Police Department Duty Manual;

17. New London Police Department Daily Sign in Log for January 28, 2007 (7 pages);

18. Supervisor's Complaint 95-17 against Officer Smith;

19. Supervisor's Complaint 93-29 against Officer Smith;

20. Supervisor's Complaint 98-08 against Officer Smith;

21. Civilian Complaint 2008-10 made by Aaron Phillips; [OBJECTION]

22. Civilian Complaint 89-01 made by Karen Flanders; [OBJECTION]

23. Civilian Complaint 94-15 made by Kasimu Fletcher; [OBJECTION]

24. Civilian Complaint 95-01-01 made by Timothy Whittfield; [OBJECTION]

25. Civilian Complaint 2007-02 made by Larry Olshan; [OBJECTION]

26. Civilian Complaint 2008-14 made by Larry Meyers; [OBJECTION]

27. Civilian Complaint 2000-20 made by Lenee Sadosky; [OBJECTION]

28. Civilian Complaint 2001-13 made by Thomas Johnson; [OBJECTION]

29. Deposition Transcript of James F. Wrighten taken November 30, 2007

30. Arrest Report for Leslie Smith for year proceeding January 28, 2007

31. Arrest Report for Robert Kanaitis for year proceeding January 28, 2007

32. Arrest Report for Raheem Carter for the year proceeding January 28, 2007

33. Deposition Transcript of Deposition of Roland Dunham taken by the City of New

London in conjunction with *Dunham v. Kistner*, 1993 Conn. Super. LEXIS 172 (Conn. Superior.

1993). [OBJECTION]

34.     Reported decision in the case of *Dunham v. Kistner*, 1993 Conn. Super. LEXIS 172 (Conn. Superior. 1993). [OBJECTION]

35.     Defendants 56(a)(2) Statement of Facts filed in support of their Motion for Summary Judgment;

36.     Audio Files of the Radio transmissions between New London Police Officers on the night of January 28, 2007

37.     Affidavits by Robert Kanaitis and Leslie Smith in support of the City of New London's Motion for Summary Judgment

38.     Maps of the intersection where Mr. Wrighten was stopped that were marked by defendants Kanaitis and Smith during their depositions;

39.     Deposition notices of Smith, Kanaitis and Rinehart

**D.      EXHIBITS FOR DEFENDANTS**

500.    Photographs of incident parking lot

501.    CAD Report for Call Number 070280129

502.    Audio recording for CAD Report for Call Number 070280129

503.    Transcript of audio recording

504.    New London Police Department Integrity Policy, 92-02

505.    NLPD form for Citizen Complaints

506.    New London Police Department Racial Profiling Policy, with blank Traffic Stop Data Form

507.    Summary of NLPD calls to location of parking lot, spanning five years

508.    Deposition Transcript, James A. Wrighten, Deceased (excerpts)

509.    Complaint of James A. Wrighten

510. Amended Complaint of James A. Wrighten

511. Training file for Officer Leslie Smith

512. Training file for Officer Robert Kanaitis

513. Training file for Officer Raheem Carter

514. Letters of Commendation Officer Leslie Smith

515. Letters of Commendation Officer Robert Kanaitis

516. Discovery responses of James A. Wrighten

517. Deposition of Carol Massey Wrighten (ID only)

Defendant reserves the right to use, refer to and/or introduce into evidence any exhibit used by Plaintiff at the time of trial.

### E.  PLAINTIFF'S MOTIONS IN LIMINE

In the event that defendants attempt to introduce any evidence of Mrs. Wrighten's criminal history, the plaintiffs will move to preclude that evidence as irrelevant and prejudicial.

### F.  DEFENDANTS' MOTIONS IN LIMINE

The Defendant has filed a motion *in limine* seeking to preclude testimony, evidence and/or argument regarding certain events in the Plaintiff's past as a predicate for liability or a finding of damages in the instant case. Specifically, the Defendant believes the Plaintiff will attempt to testify regarding a hate crime directed against his family while Plaintiff was a child living in South Carolina. This event occurred in 1957 when the Plaintiff was 15 years old. The event is in no way related to the incident that forms the basis of the present action, all of which occurred on the evening of January 28, 2007.  Testimony, evidence and/or argument relating to

this remote and unrelated occurrence runs afoul of F.R.E. §§ 401, 402 and 403, and would be highly prejudicial to the defense of this case as it would inflame the passion of the jury and result in confusion of the issues.

Defendants also anticipate filing a motion in limine to preclude evidence, references or argument concerning other, unrelated complaints of misconductby the any of the Defendants, or other lawsuits remote in time from this case,  because these complaints were adjudicated as "unfounded", "unsubstantiated" or "withdrawn", or in the case of previous civil actions, judgment entered in Defendants favor. Furthermore, complaints in these actions involved different times, people and occurrences, and cannot possibly inform any disputed issue of material fact in this case. Complaints that were found to be lacking in merit have no probative value, are patently irrelevant. Testimony, evidence and/or argument relating to this evidence runs afoul of F.R.E. §§ 401, 402 and 403, and would be highly prejudicial to the defense of this case as it will unfairly inflame the passion of the jury and result in confusion of the issues.

## IX.    STIPULATED AND CONTESTED ISSUES OF FACT

Despite a good faith effort, the parties are unable to stipulate to undisputed facts. The Defendants believe the following facts are uncontested:

1. The incident occurred on the night of January 28, 2007 in the parking lot of the Sam's Convenience store located on the corner of Bank Street and Ocean Avenue in New London, Connecticut.

2. Mr. Wrighten and his wife drove their car to the convenience store.

3. Mr. Wrighten entered the parking lot and parked in the fourth or fifth space

between the convenience store on the right and a Chinese restaurant on the left.

    4.       Mr. Wrighten shut off his engine.

    5.       Mr. Wrighten's vehicle was facing the storefront at all times.

    6.       Mrs. Wrighten entered the convenience store to buy cigarettes.

    7.       Mr. Wrighten observed a Hispanic man walking into the parking lot from the right, across Bank Street from Spring Street.

    8.       Mr. Wrighten observed the man walking in the same driveway Mr. Wrighten used, walking in the direction towards his car.

    9.       Officer Leslie Smith, stationed in a parking lot across the street conducting surveillance of the parking lot, also observed the man walking in the parking lot.

    10.      The man appeared to Officer Smith to be approaching vehicles in the parking lot, and appeared to speak with Mr. Wrighten at one point.

    11.      The man was wearing a striped sweater or shirt.

    12.      Officer Smith was dispatched to the parking lot where Mr. Wrighten's vehicle was parked.

    13.      Officer Smith pulled into the parking lot to the left side of Mr. Wrighten's vehicle.

    14.      Upon seeing the police vehicle, the man walking in the parking lot fled back across Bank Street toward Spring Street.

    15.      Officer Robert Kanaitis, along with trainee/recruit Raheem Carter, who is black, assisted Officer Smith during the incident.

    16.      Officer Kanaitis proceeded to interview the man who had been walking in the parking lot.

15. During this time, Officer Smith, still in the parking lot, asked Mr. Wrighten for his identification, which he produced.

16. Officer Kanaitis interviewed the suspicious person, but made no arrest.

17. Officer Smith told Mr. Wrighten he was not accused of any wrongdoing and permitted him to leave the parking lot in his vehicle.

18. Mr. Wrighten was not asked to exit the vehicle at any time.

19. Mr. Wrighten's person was not searched.

20. Mr. Wrighten's vehicle was not searched.

21. The police made no show of force during the incident.

22. The entire incident lasted approximately six to seven minutes.


**A.**     **STIPULATED FACTS**

**B.**     **DISPUTED ISSUES OF FACT**

**C.**     **PROPOSED JURY INSTRUCTIONS**

**D.**     **PROPOSED VERDICT FORM**

        THE DEFENDANTS,


By:_____
       Brian K. Estep, Esq.
       Fed. Bar No. CT-07986
       Patrick J. Day, Esq.
       Fed. Bar No. CT-21858
       Conway & Londregan, P.C.
       38 Huntington St., P.O. Box 1351
       New London, CT  06320-1351
       Ph. 860-447-3171
       Fax 860-444-6103

## **CERTIFICATION**

       I hereby certify that on June 30, 2009 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operations of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System:

David N. Rosen, Esq.
Margaret Middleton, Esq.
David N. Rosen & Associates
400 Orange Street
New Haven, CT  06511

                                                                                          _____

                                                                                           Patrick J. Day